McMILLIAN, Circuit Judge,
dissenting.
I respectfully dissent. In the present case appellant timely submitted a proposed “theory of defense” instruction that correctly stated the applicable law. There was evidence that supported the proffered instruction. Under these circumstances appellant was entitled to a theory of defense instruction. As noted by the majority, this does not mean that a defendant is necessarily entitled to a particularly worded instruction. Moreover, because we review the instructions as a whole, we must consider whether the instructions actually given to the jury by the district court adequately and properly covered the substance of the refused instruction. In my opinion the instructions on the elements of the offense,, specific intent and willful intent to deceive or cheat did not adequately set forth appellant’s theory of defense, the substance of which was, as described in the majority *886 opinion, very precise and clearly delineated in the proffered instruction.
Given the evidence, it would seem that appellant’s theory of defense is somewhat difficult to believe. Nonetheless, appellant made a timely request for a legally correct instruction which was supported by the evidence and was not adequately covered by the instructions given by the district court. I would reverse and remand for a new trial.